IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NICCOLA M. WELCH                                                                               PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:12cv144-DPJ-FKB

TYRONE LEWIS, et al.                                                   DEFENDANTS

## **REPORT AND RECOMMENDATION**

Niccola M. Welch brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement as a pretrial detainee at the Hinds County Detention Center in Raymond, Mississippi. Presently before the Court is the motion of Defendants Sheriff Tyrone Lewis, Major Mary Rushing, and Captain Mike Ivy for summary judgment. Plaintiff has not responded to the motion. Having considered the motion and the competent evidence of record, the undersigned recommends that this action be dismissed without prejudice because of Plaintiff's failure to exhaust his administrative remedies.

Plaintiff's allegations concern general safety and security conditions at the detention center. He claims that the facilities are unsanitary, that there is mold and mildew in the cells, that furniture and air conditioning vents are covered with rust, that there are an insufficient number of smoke detectors, fire extinguishers, and functioning public address systems, that there are exposed live electrical wires at the jail, that inmates with contagious diseases are housed with the general population, and that food is handled in an unsanitary manner. He also alleges that he has been denied sufficient recreational time and has received inadequate medical care in that the detention center has refused to purchase prescription eyeglasses for him and to refer him to a foot specialist.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The HCDC has a three-step administrative remedy program for inmates. Thus, Welch was required to pursue the process to completion for each of his claims prior to filing suit. In support of their motion, movants have submitted Welch's complete detention center file and medical record. Nowhere in these records are there any grievance forms submitted by Welch referencing these complaints nor any other indication that he sought relief through the administrative remedy program. For this reason, the undersigned recommends that Plaintiff's claims be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of June, 2013.

                /s/ F. Keith Ball
                UNITED STATES MAGISTRATE JUDGE